IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY ZELMAN, TRUSTEE, F/B/O SHIRLEY ZELMAN LIVING TRUST, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>JDS UNIPHASE CORPORATION, JOZEF STRAUS, KEVIN KALKHOVEN, ANTHONY R. MULLER, DAN E. PETTIT, CHARLES J. ABBE, ZITA M. COBB, JOSEPH IP, FREDERICK LEONBERGER, MICHAEL C. PHILLIPS, DONALD R. SCIFRES, and THE FURUKAWA ELECTRIC CO., LTD.,<br><br>    Defendants. | No. C 02-4656 CW<br><br>ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION OF JULY 13, 2005 ORDER |

    Defendants JDS Uniphase Corporation, Jozef Straus, Anthony R. Muller and Charles J. Abbe move for certification pursuant to 28 U.S.C. § 1292(b) of Judge William W Schwarzer's July 13, 2005 Order denying their motion to dismiss Plaintiff Shirley Zelman's amended complaint.[1]  Defendant Kevin Kalkhoven joins the motion.  Plaintiff

---

[1] This Court referred the motion to dismiss to Judge Schwarzer for decision; however, this Court has retained jurisdiction over the case as well as a related case, <u>In re JDS Uniphase Corp. Securities Litigation</u>, No. C-02-1486-CW (N.D. Cal. filed March 27,

1  opposes the motion for certification.  The matter was taken under
2  submission on the papers.
3      Having reviewed all of the papers submitted by the parties,
4  the Court DENIES the motion.
5      The relevant facts are set forth in Judge Schwarzer's July 13,
6  2005 Order, Zelman v. JDS Uniphase Corp., 376 F. Supp. 2d 956, 958-
7  59 (N.D. Cal. 2005) (hereinafter referred to as "the July 13
8  Order").  Title 28 U.S.C. § 1292(b) grants a district judge the
9  power to certify a controlling question of law for interlocutory
10 appeal.  Section 1292(b) identifies three factors that must be
11 present for certification.  First, the issue to be certified must
12 involve a controlling issue of law.  Second, there must be a
13 substantial ground for difference of opinion with respect to that
14 issue.  Third, an interlocutory appeal must be likely materially to
15 speed the termination of the litigation.  In re Cement Antitrust
16 Litig., 673 F.2d 1020, 1026 (9th Cir. 1981).  The party seeking
17 certification bears the burden of showing that "exceptional
18 circumstances justify a departure from the basic policy of
19 postponing appellate review until after the entry of a final
20 judgment."  Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)
21 (quoting Fisons, Ltd., v. United States, 458 F.2d 1241, 1248 (7th
22 Cir. 1972)).
23     Both sides agree that the July 13 Order involved controlling
24 issues of law.  Defendants argue that it resolved two issues of law
25 in a way that allows for substantial ground for difference of
26 _____
27 2002).

opinion. First, Defendants seek to appeal the issue of Plaintiff's standing, a question of law on which Judge Schwarzer noted that "no persuasive authority on point" existed. 376 F. Supp. 2d at 962. Defendants disagree with Judge Schwarzer's conclusions regarding the relevance of Ontario Public Serv. Employees Union Pension Trust Fund v. Nortel Networks Corp., 369 F.3d 27 (2nd Cir. 2004), cert denied, 125 S. Ct. 919 (2005) and Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 749 (1975). Second, Defendants seek interlocutory appeal of the determination that Plaintiff is entitled to use the "fraud on the market" doctrine to satisfy the reliance element of her prima facie case, a theory Judge Schwarzer described as "novel, but . . . a logical extension of existing doctrine." 376 F. Supp. 2d at 970. Defendants argue that the novelty of Plaintiff's theory demonstrates that there are substantial grounds for difference of opinion.

While Defendants show that these points of law decided in the July 13 Order are both arguable and new, they do not demonstrate that the decisions are contradicted by cases that are directly on point. Furthermore, none of the cases cited by Defendants supports their apparent contention that the extraordinary circumstance of "substantial ground for difference of opinion" required for certification of interlocutory appeal by § 1292(b) exists wherever "reasonable jurists might not" reach the same conclusions as the district court. Instead, the cases Defendants cite involve additional circumstances not present here that justified certification of interlocutory appeal. See, e.g., Huangyan Imp. and Exp. Corp. v. Nature's Farm Prods., 370 F. Supp. 2d 993, 1005

3

(N.D. Cal. 2005) (certifying three issues of pure law for interlocutory appeal where no Ninth Circuit authority existed on point, decision was adverse to both sides and district court "candidly acknowledged" disagreement with contrary, out-of-circuit authority); <u>Kirkbride v. Cont'l Cas. Co.</u>, 707 F. Supp. 429, 433 (N.D. Cal. 1989) (certifying novel issue within Ninth Circuit where decisions of other circuits courts had split); <u>Bryan v. United Parcel Serv., Inc.</u>, 307 F. Supp. 2d 1108, 1115 (N.D. Cal. 2004) (certifying issue to Ninth Circuit in order to allow certification to California Supreme Court of novel issue of California law); <u>Wells Fargo Bank v. Bourns, Inc.</u>, 860 F. Supp. 709, 717 (N.D. Cal. 1994) (certifying interlocutory appeal where issue had not been squarely addressed by Ninth Circuit and was "inextricably intertwined" with an issue already on appeal).

Furthermore, Defendants have not shown that an interlocutory appeal will likely materially speed the termination of the litigation. Although reversal of the July 13 Order could terminate this particular case, it would not affect the related securities action before the Court, in which Defendants face the same securities claims. If the order was not reversed, the appeals process would have delayed the case considerably. Certification of the July 13 Order also risks decoupling the <u>Zelman</u> schedule from <u>In re JDS Uniphase</u>, potentially leading to separate trials in the two cases and wasting the Court's and the parties' time and resources.

For the foregoing reasons, the Court concludes that there are no exceptional circumstances warranting the certification for interlocutory appeal in this case, and exercises its discretion to

4

decline to do so.  Defendants' motion for certification of interlocutory appeal of the July 13 Order denying in part Defendants' motions to dismiss is DENIED (Docket No. 62).

       IT IS SO ORDERED.

Dated: 10/12/05



CLAUDIA WILKEN
United States District Judge