[Counsel Listed on Signature Pages]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| SHIRLEY ZELMAN, TRUSTEE, F/B/O SHIRLEY ZELMAN LIVING TRUST, on behalf of plaintiff and all others similarly situated, | No. C-02-4656 CW |
| Plaintiff, | **ORDER REGARDING CONFIDENTIALITY** |
| v. | |
| JDS UNIPHASE CORPORATION, JOZEF STRAUS, ANTHONY R. MULLER, CHARLES J. ABBE, and KEVIN KALKHOVEN, | |
| Defendants. | |

1    Disclosure and discovery activity in this action are likely to involve production of

2    confidential, proprietary, or private information for which special protection from public

3    disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

4    Accordingly, the parties hereby stipulate to and petition the Court to enter the following Order.

5         1.    DEFINITIONS

6              1.1    Disclosure or Discovery Material:  all items or information, regardless of

7    the medium or manner generated, stored, or maintained (including, among other things,

8    testimony, transcripts, or tangible things) that are produced or generated in disclosures or

9    responses to discovery in this matter.

10             1.2    "Confidential" Information or Items:  Disclosure or Discovery Material

11   that is non-public and that a party in good faith believes must be held confidential to protect

12   personal privacy interests or proprietary commercial or business information, including trade

13   secrets.

14             1.3    "Highly Confidential" Information or Items:  "Confidential" Information or

15   Items, the disclosure of which the Producing Party in good faith believes would create a

16   substantial risk of serious injury that could not be avoided by less restrictive means.

17             1.4    Receiving Party:  a party that receives Disclosure or Discovery Material

18   from a Producing Party.

19             1.5    Producing Party:  a party or non-party that produces Disclosure or

20   Discovery Material in this action.

21             1.6    Designating Party:  a party or non-party that designates information or

22   items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

23   Confidential."

24             1.7    Protected Material:  any Disclosure or Discovery Material that is

25   designated as "Confidential" or as "Highly Confidential."

26             1.8    Outside Counsel:  attorneys who are not employees of a party but who are

27   retained to represent or advise a party in this action.

28

[PROPOSED] ORDER REGARDING CONFIDENTIALITY
Master File No. C-02-4656 CW                                                    1
sf-2048818

1    1.9    In-house Counsel:  attorneys who are employees of a party.

2    1.10    Counsel (without qualifier):  Outside Counsel and In-house Counsel (as

3    well as their support staffs).

4    1.11    Expert:  a person with specialized knowledge or experience in a matter

5    pertinent to the litigation who has been retained by a party or its counsel to serve as an expert

6    witness or as a consultant in this action.  No representative plaintiff or its Counsel may retain an

7    expert witness or consultant who is (a) a past or current employee or consultant of JDS Uniphase

8    or of one of its predecessors, (b) a past or current employee or consultant of a competitor of JDS

9    Uniphase or of one of its predecessors, or (c) at the time of retention, anticipated to become an

10    employee or consultant of JDS Uniphase or of a competitor of JDS Uniphase.  This definition

11    includes a professional jury or trial consultant retained in connection with this litigation.

12    1.12    Professional Vendors: persons or entities that provide litigation support

13    services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

14    organizing, storing, retrieving data in any form or medium; etc.) and their employees and

15    subcontractors.

16    2.    SCOPE

17    The protections conferred by this Stipulation and Order cover not only Protected

18    Material (as defined above), but also any information copied or extracted therefrom, as well as all

19    copies, excerpts, summaries, or compilations thereof (whether in written, computer or other

20    form), plus testimony, conversations, or presentations by parties or counsel to or in court or in

21    other settings that might reveal Protected Material.

22

23

24

25

26

27

28

1    3.    <u>DURATION</u>

2    Even after the termination of this litigation, the confidentiality obligations imposed

3    by this Order shall remain in effect until each Designating Party agrees otherwise in writing or a

4    court order otherwise directs.

5    4.    <u>DESIGNATING PROTECTED MATERIAL</u>

6    4.1    <u>Marking of Protected Material (Other Than Deposition Transcripts)</u>:  Any

7    party to this litigation, or non-party who produces Disclosure or Discovery Material, shall have

8    the right to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any Protected

9    Material it produces.  All Protected Material shall bear a legend on each page stating that the

10    material is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  In order to speed the process

11    of producing large volumes of Protected Material, multi-page documents in which Protected

12    Material is pervasive may be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

13    throughout, with the understanding that portions of those documents not containing Protected

14    Material can be de-designated through the meet-and-confer process of Paragraph 5.2.  Where it is

15    not possible to affix a legend to particular Protected Material, the Producing Party shall take

16    reasonable steps to give all Receiving Parties notice of its status as Protected Material.  Where a

17    computer disk has been marked as Protected Material and the files on it are not individually

18    bates-numbered or identified as Protected Material, all files contained on the disk shall be

19    considered Protected Material.

20    Mass, indiscriminate, or routinized designations are prohibited.  Designations that

21    are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

22    unnecessarily encumber or retard the case development process, or to impose unnecessary

23    expenses and burdens on other parties), expose the Designating Party to sanctions.  If it comes to

24    a party's or a non-party's attention that Disclosure or Discovery Material designated as Protected

25    Material does not qualify for protection at all, or does not qualify for the level of protection

26    initially asserted, that party or non-party must promptly notify all other parties that it is

27    withdrawing the mistaken designation.

28

1           4.2    <u>Depositions</u>: Deposition testimony may be classified as Protected Material

2 at the deposition, or at any time during a review period of up to and including 30 days after

3 receipt of the official transcript of such testimony by counsel for the party whose information has

4 been disclosed, or in the case of non- parties or others whose information has been disclosed, up

5 to and including 30 days after the transcript is available for review, whichever period is longer.

6 Each deposition transcript in its entirety shall be treated as having been designated "HIGHLY

7 CONFIDENTIAL" during the review period. Designations of Protected Material made during

8 the deposition will be reasonably identified at the beginning of the deposition transcript when

9 produced. Designations of Protected Material made during the review period will be made in

10 writing served on all parties. It will be the responsibility of counsel of record to take reasonable

11 steps to make sure that Protected Material in deposition transcripts is used only as expressly

12 permitted in this Order. Party representative(s) attending any deposition will be temporarily

13 excused from the deposition room at times when testimony then being designated by another

14 party as "HIGHLY CONFIDENTIAL" is being given. Expert witnesses who have been approved

15 in accordance with the provisions of paragraph 6.4 may attend depositions in their entirety.

16           4.3    <u>Contractual Obligations to Non-Parties</u>: During the course of this action, a

17 party may be requested to produce information that is subject to contractual or other obligations

18 of confidentiality owed to a non-party. The party subject to the contractual or other obligation of

19 confidentiality shall timely contact the person to whom the obligation is owed to determine

20 whether that person is willing to permit disclosure of the confidential information under the terms

21 of this Order. If that person is willing, the information shall be produced in accordance with this

22 Order. If the person to whom the obligation is owed is not willing to permit disclosure of the

23 confidential information under the terms of this Order, the party seeking the information in this

24 litigation shall be notified, and any documents withheld on the basis of a contractual or other

25 confidentiality obligation shall be identified on a separate index stating the reason for withholding

26 the document and the person to whom the obligation of confidentiality is owed. This Order shall

27

28

1   not preclude any party from moving the Court for an order compelling production of such

2   material.

3       4.4   Re-Designation:  Inadvertent production of any Protected Material without

4   a designation of confidentiality will not, standing alone, be deemed to waive a later claim as to its

5   proper designation, nor will it prevent the Producing Party from designating said document or

6   material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at a later date.  The Producing

7   Party shall comply with Paragraph 4.1 when redesignating Disclosure or Discovery Material as

8   Protected Material.  Following any redesignation of Disclosure or Discovery Material as

9   Protected Material (or redesignation of "CONFIDENTIAL" material as "HIGHLY

10  CONFIDENTIAL"), the party receiving such Protected Material shall take reasonable steps to

11  comply with the redesignation including, without limitation, retrieving all copies and excerpts of

12  any redesignated Protected Material from persons not entitled to receive it.  However, the

13  Receiving Party shall not be obligated to remove from the public record any Disclosure or

14  Discovery Material that had been filed with the Court as part of the public record prior to the

15  Producing Party's redesignation of that Disclosure or Discovery Material as Protected Material.

16  The Producing Party may move to have any such document sealed.

17      5.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

18      5.1   Timing of Challenges:  A party does not waive its right to challenge a

19  confidentiality designation merely by electing not to mount a challenge promptly after the

20  original designation is disclosed.

21      5.2   Meet and Confer:  A party that elects to initiate a challenge to a

22  Designating Party's confidentiality designation must do so in good faith and must begin the

23  process by conferring directly (in voice-to-voice dialogue) with counsel for the Designating Party.

24  In conferring, the challenging party must explain the basis for its belief that the confidentiality

25  designation was not proper and must give the Designating Party an opportunity to review the

26  Protected Material, to reconsider the circumstances, and, if no change in designation is offered, to

27

28

1    explain the basis for the chosen designation.  A challenging party may proceed to the next stage

2    of the challenge process only if it has engaged in this meet-and-confer process first.

3                5.3    Judicial Intervention:  A party that elects to press a challenge to a

4    confidentiality designation after considering the justification offered by the Designating Party

5    may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

6    79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

7    challenge.  Each motion must be accompanied by a competent declaration that affirms that the

8    movant has complied with the meet-and-confer requirements imposed in the preceding paragraph

9    and that sets forth with specificity the justification for the confidentiality designation that was

10   given by the Designating Party in the meet-and-confer dialogue.

11               The burden of persuasion in any such challenge proceeding shall be on the

12   Designating Party.  Information classified as Protected Material shall retain its Protected Material

13   status as well as its category of designation until such time as this Court enters an order

14   reclassifying such material or stripping it of its Protected Material status; the time to seek review

15   of the Court's order has expired, no appeal having been taken; or in the event review is sought, the

16   reviewing court has completed its review and rendered a decision on the matter.

17         6.    ACCESS TO AND USE OF PROTECTED MATERIAL

18               6.1    Basic Principles:  A Receiving Party may use Protected Material that is

19   disclosed or produced by another party or by a non-party in connection with this case only for

20   prosecuting, defending, or attempting to settle this litigation.  It may not use Protected Material

21   for any other purpose, including, without limitation, any other litigation or any business,

22   competitive, or governmental purpose or function.  Protected Material may be disclosed only to

23   the categories of persons and under the conditions described in this Order.  When the litigation

24   has been terminated, a Receiving Party must comply with the provisions of Section 7 below,

25   (FINAL DISPOSITION).

26

27

28

1        Protected material must be stored and maintained by a Receiving Party at a

2   location and in a secure manner that ensures that access is limited to the persons authorized under

3   this Order.

4        6.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>:  Unless otherwise

5   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

6   disclose any information or item designated CONFIDENTIAL only to:

7        (a)    the Receiving Party's Outside Counsel of record in this action, as

8   well as employees of said Counsel to whom it is reasonably necessary to disclose the information

9   for this litigation and who have signed the "Agreement to Be Bound by Order" that is attached

10  hereto as Exhibit A;

11       (b)    the former and current officers, directors, and employees (including

12  In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

13  litigation and who have signed the "Agreement to Be Bound by Order" (Exhibit A);

14       (c)    Experts (as defined by this Order) of the Receiving Party to whom

15  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

16  Bound by Order" (Exhibit A);

17       (d)    the Court and its personnel;

18       (e)    court reporters, their staffs, and professional vendors to whom

19  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

20  Bound by Order" (Exhibit A);

21       (f)    during their depositions, witnesses in the action to whom disclosure

22  is reasonably necessary and who have signed the "Agreement to Be Bound by Order" (Exhibit

23  A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

24  Material must be separately bound by the court reporter and may not be disclosed to anyone

25  except as permitted under this Stipulated Order.

26       (g)    the author of the document or the original source of the

27  information.

28

1        6.3     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items:  Unless

2   otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

3   Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

4        (a)     the Receiving Party's Outside Counsel of record in this action, as

5   well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the

6   information for this litigation and who have signed the "Agreement to Be Bound by Order" that is

7   attached hereto as Exhibit A;

8        (b)     Experts (as defined in this Order) (1) to whom disclosure is

9   reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by

10  Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 6.4, below, have

11  been followed;

12       (c)     the Court and its personnel;

13       (d)     court reporters, their staffs, and professional vendors to whom

14  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

15  Bound by Order" (Exhibit A); and

16       (e)     the author of the document or the original source of the

17  information.

18       6.4     Procedure for Disclosure of "HIGHLY CONFIDENTIAL" Information or

19  Items to "Experts":  Unless otherwise ordered by the Court or agreed in writing by the

20  Designating Party, a party that seeks to disclose to an "Expert" (as defined in this Order) any

21  information or item that has been designated "HIGHLY CONFIDENTIAL" first must (1) identify

22  in writing to the Designating Party the specific HIGHLY CONFIDENTIAL information that the

23  Receiving Party seeks to disclose to the Expert; (2) receive a written representation from its

24  Expert that the Expert is not currently affiliated, and has never been affiliated, with any

25  competitor of Defendant JDS Uniphase; and (3) inform the Designating Party that the Expert has

26  provided the written representation to counsel for the Receiving Party.

27

28

[PROPOSED] ORDER REGARDING CONFIDENTIALITY                    8
Master File No. C-02-4656 CW
sf-2048818

1    6.5    Protected Material Subpoenaed or Ordered Produced in Other Litigation:

2    If a Receiving Party is served with a subpoena or an order issued in other litigation that would

3    compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or

4    "HIGHLY CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in

5    writing (by fax, if possible) immediately and in no event more than three court days after

6    receiving the subpoena or order.  Such notification must include a copy of the subpoena or court

7    order.

8    The Receiving Party also must immediately inform in writing the party who

9    caused the subpoena or order to issue in the other litigation that some or all the material covered

10    by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must

11    deliver a copy of this Stipulated Order promptly to the party in the other action that caused the

12    subpoena or order to issue.

13    The purpose of imposing these duties is to alert the interested parties to the

14    existence of this Order and to afford the Designating Party in this case an opportunity to try to

15    protect its confidentiality interests in the court from which the subpoena or order issued.  The

16    Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

17    CONFIDENTIAL MATERIAL, and nothing in these provisions should be construed as

18    authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

19    another court.

20    6.6    Unauthorized Disclosure of Protected Material:  If a Receiving Party learns

21    that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any

22    circumstance not authorized under this Stipulated Order, the Receiving Party must immediately

23    (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

24    to retrieve all copies of the Protected Material, (c) inform the person or persons to whom

25    unauthorized disclosures were made of all the terms of this Order, and (d) request such person or

26    persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

27    Exhibit A.

28

[PROPOSED] ORDER REGARDING CONFIDENTIALITY
Master File No. C-02-4656 CW
sf-2048818

9

6.7     <u>Using Protected Material in Court</u>:  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material.  A party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

In the event that Protected Material is to be offered into evidence in any public hearing or proceeding, including trial, the offering party shall so notify the Court and the Court shall then consider what steps, if any, should be taken to protect the information.

6.8     <u>Own Use</u>:  Nothing contained herein shall prevent any Designating Party from disclosing its own Protected Material to any person as it deems appropriate.

7.     <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain one archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 3 (DURATION), above.

1   8.   <u>RIGHT TO FURTHER RELIEF</u>

2   Nothing in this Order abridges the right of any person to seek its modification by the

3   Court in the future.

4   9.   <u>RIGHT TO ASSERT OTHER OBJECTIONS</u>

5   By stipulating to the entry of this Order, no party waives any right it otherwise would have

6   to object to disclosing or producing any information or item on any ground not addressed in this

7   Order.  Similarly, no party waives any right to object on any ground to use in evidence of any of

8   the material covered by this Order.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2    Dated: February 3, 2006

3                                          JORDAN ETH
                                           TERRI GARLAND
4                                          PHILIP T. BESIROF
                                           RAYMOND M. HASU
5                                          MORRISON & FOERSTER LLP
                                           425 Market Street
6                                          San Francisco, CA  94105-2482
                                           Telephone: (415) 268-7000
7                                          Facsimile: (415) 268-7522

8

9                                          By:    _____/s/ Terri Garland_____
10                                                  Terri Garland
                                           Attorneys for Defendants
11                                         JDS Uniphase Corporation,
                                           Charles J. Abbe, Jozef Straus, and Anthony
12                                         Muller

13   Dated: February 3, 2006

14                                         MICHAEL J. SHEPARD
15                                         HOWARD S. CARO
                                           HELLER EHRMAN LLP
16                                         333 Bush Street
                                           San Francisco, CA  94104-2878
17                                         Telephone: (415) 772-6000
                                           Facsimile: (415) 772-6268
18
19                                         MICHAEL L. CHARLSON
                                           J. CHRISTOPHER MITCHELL
20                                         HELLER EHRMAN LLP
                                           275 Middlefield Road
21                                         Menlo Park, CA  94025-3506
                                           Telephone: (650) 324-7000
22                                         Facsimile: (650) 324-0638

23

24                                         By:    _____/s/ Howard S. Caro_____
                                                  Howard S. Caro
25                                         Attorneys for Defendant
                                           Kevin Kalkhoven
26

27

28

1

2    Dated: January 25, 2006

3                                        JEFFREY H. SQUIRE
                                         IRA M. PRESS
4                                        MARK A. STRAUSS
                                         KIRBY McINERNEY & SQUIRE, LLP
5                                        830 Third Avenue, 10th Floor
                                         New York, NY  10022
6                                        Telephone:  (212) 371-6600
                                         Facsimile:  (212) 751-2540
7
                                                  -and-
8
                                         LIONEL GLANCY
9                                        SUSAN G. KUPFER
                                         GLANCY, BINKOW & GOLDBERG, LLP
10                                       455 Market Street, Suite 1810
                                         San Francisco, CA 94105
11                                       Telephone:  (415) 972-8160
                                         Facsimile:  (415) 972-8166
12

13
                                         PETER A. BINKOW
14                                       GLANCY, BINKOW & GOLDBERG, LLP
                                         1801 Avenue of the Stars, Suite 311
15                                       Los Angeles, CA  90067
                                         Telephone:  (310) 201-9150
16                                       Facsimile:  (310) 201-9160

17

18                                       By:    _____/s/ Ira M. Press_____
                                                            Ira M. Press
19                                                    Attorneys for Plaintiffs

20

21
             PURSUANT TO STIPULATION, IT IS SO ORDERED; **but see Local Rule 79-5.**
22
         Dated:  2/7/06
23
                                              /s/ CLAUDIA WILKEN
24
                                         _____
25                                            HONORABLE CLAUDIA WILKEN
                                               United States District Judge
26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY ORDER**

I, _____, [print or type full name],

of _____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Order Regarding

Confidentiality that was issued by the United States District Court for the Northern District of

California on _____ in the case of *Zelman v. JDS Uniphase Corporation*, No. C-02-4656 CW.

I agree to comply with and to be bound by all the terms of this Order Regarding Confidentiality

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Order Regarding Confidentiality to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Order Regarding

Confidentiality, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full

address and telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Order Regarding Confidentiality.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1
2
3
4
5

      I, Raymond M. Hasu, am the ECF User whose ID and password are being used to file this Stipulation and [Proposed] Order Regarding Confidentiality.  In compliance with General Order 45, X.B., I hereby attest that Ira Press, attorney for Plaintiffs, and Howard S. Caro, attorney for Defendant Kevin Kalkhoven, have concurred in this filing.

6
7
8

Dated:   February 3, 2006               MORRISON & FOERSTER LLP

9
10
11

                  By: _____/s/ Raymond M. Hasu_____
                         Raymond M. Hasu
                         Attorneys for Defendants

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28